✎ AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____ Delaware _____

UNITED STATES OF AMERICA

V.

Luke Willis Gatlin
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case $CR06-28-KAJ$

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed    that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- X (1) There is a serious risk that the defendant will not appear.
- X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

FILED

MAY  4  2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by    X  clear and convincing evidence  X  a preponderance of the evidence: Defendant is charged with possession of a weapon by a convicted felon. Since this would involve at least a third conviction, defendant faces sentencing as an armed career criminal with a minimum mandatory sentence of 15 years. Although defendant is a life long resident of DE, has family in this state and has a girlfriend with which he is living and a number of children locally, most of which he has failed to support, the evidence against him is strong and his past criminal history is significant which warrants his detention pending trial. As a result of a search of defendant by the WPD, a weapon was found on his person with 3 rounds in the chamber. His significant criminal history began at age 14 when he pled guilty to Robbery 2d from the higher offense of robbery 1st. Two years later, he was found deliquent on the charge of possession with intent to deliver a controlled substance. In early 1998 he was again convicted of possession with intent to deliver and was found in violation of probation on 4 occasions (1999, Feb. 2001, Nov. 2001 and June 2002). In 1999 he pled guilty to maintaining a vehicle for keeping a controlled substance and ha again violated probation for this offense on 2 occasions. He pled guilty to the lesser offense of assault 2d (original charge assault 1st) and violated probation for that conviction on 4 occasions. In January 2005 he pled guilty to possession with intent to deliver and violated probation for that offense in August 2005. At the time of this offense, he was on state probation. He has only been employed once and only for 1 year when he was arrested on the present offense. He has undergone substance abuse treatment for dependence to alcohol and MJ and was discharged unsuccessfully, in part because of his continued legal problems. Since 1999, he has violated probation 11 separate times. He clearly cannot or won't abide by any supervision. He continues in criminal activity with impunity. As a result, thee are no condition or combination there of that will reasonable assure the safety of the community. Further, for this offense he faces for the first time significant incarceration. All other convictions result in very short term jail time. Therefore, he is a risk of flight.

✎ AO 472  (Rev. 3/86)  Order of Detention Pending Trial

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| May 3, 2006 | |
| --- | --- |
| Date | *Signature of Judicial Officer* |
| | Mary Pat Thynge, Magistrate Judge |
| | *Name and Title of Judicial Officer* |

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).