IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Cr. A. No. 06-28 |
| | ) | |
| v. | ) | |
| | ) | |
| LUKE GATLIN, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO COMPEL DISCLOSURE OF IDENTITY
OF THE GOVERNMENT'S CONFIDENTIAL INFORMANT**

Pursuant to Federal Rules of Criminal Procedure 12(b)(1) Defendant moves for the disclosure of the confidential informant's identity in the above matter as well as copies of notes transcripts or other documents of interviews with the confidential informant and any inconsistent statement by the confidential informant and in support thereof states as follows:

1.   Defendant was arrested on February 9, 2006 at 30th and Market Streets in the City of Wilmington. He was charged with possession of a weapon by a person prohibited and faces a 15-year minimum/mandatory sentence under Title 18 USC §§922(g)(1) and 924 (e)(1).

2.   The basis for Defendant's arrest was information supplied to a police officer by a Confidential Informant who the police officer deemed to be reliable. Based upon the Confidential Informant's statement to the police officer, a description of the Defendant and his clothing was passed along through police dispatch and, Defendant was arrested.

3.   After Defendant was stopped, he was searched and a gun was located. Defendant was arrested and gave a statement to police. Subsequently, Defendant retracted his original statement to the police and, in the presence of his attorney, gave a new statement. In his second statement to the police, Defendant stated that, on the date he was arrested, he was the victim of

an attempted robbery by two men, one of which was driving a vehicle and the other of which exited the vehicle and brandished a gun in an attempt to rob him. Defendant recognized the robber, although he could recall his street name only at the time of the incident. Defendant further stated that in the course of the robbery, he grabbed the gun and struggled with the robber. He successfully took the gun from the robber and then walked several blocks to 30th and Market Streets in Wilmington, Delaware, where he was subsequently arrested. From the time Defendant walked away from the scene of the robbery until he reached 30th and Market Streets, he was followed by the persons who attempted to rob him.

    4.    According to Defendant, after he reached 30th and Market Streets, he was approached by the two persons who pulled alongside him in the vehicle. The man who had attempted to rob him demanded that Defendant give him the gun back. Defendant refused. Minutes afterward the police arrived and arrested Defendant.

    5.    Based upon the foregoing, Defendant believes that the Confidential Informant was either the man who attempted to rob him or the person driving the vehicle. While a bystander could have perhaps seen the events immediately preceding defendant's arrest and reported them to the police, it is far more likely that the confidential informant was one of the two persons who accosted Defendant. Confirming the identity of the Confidential Informant, and providing copies of statements he may have made could therefore enable Defendant to prove his version of what occurred. Thus, the identity of the Confidential Informant could prove crucial to Defendant's case.

    6.    It must be noted that the Confidential Informant in this case was not merely an eyewitness to the events which led to Defendant's arrest. Instead, Defendant believes he and his accomplice were active participants.

> "Where the Confidential Informant actively participated in or was the percipient witness to the underlying act or transaction which serves as the basis for prosecution, the Government must disclose the Informant's identity."

*Roviaro v. U.S.*, 353 U.S. 53 (1957).

7.  Disclosure of the Confidential Informant's identity would be highly relevant and very helpful to the defense in this case. See, *U.S. v. Cutler*, 6 F.2d 933 (9th Cir. 1986). Under *Roviaro v. U.S.*, a Court is required to review requests for information about informants on a case-by-case basis. Thus, the Court must weigh this request on its own merits.

8.  Here, the test is one of balancing. *U.S. v. Ordonez*, 737 F.2d 793 (9th Cir. 1984). The Court must "balanc[e] the public interest in protecting the flow of information against the individual's right to prepare his defense, … taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Raovario, id.* at 62, 77 S.Ct. 623.

9.  This case is factually dissimilar from cases where discovery of the identity of a confidential informant was denied such as *U.S. v. Boffa* 89 F.R.D. 523 (D.C.Del., 1981). There it was held that

> "…the government is entitled to withhold from disclosure the identity of persons who furnish information regarding violations of the law to enforcement officials and can be compelled to reveal the identity of an informant only if fundamental fairness to the accused so requires. See *Rovario v. United States*, 353 U.S. 53, 59, 77 S.Ct. 623, 627, 1 L.Ed.2d 639 (1957). Defendants have alleged no facts to support their discovery request and, thus, have failed to overcome this privilege."

*id.* At 537

In this case sufficient facts have been alleged. the confidential informant is, in all likelihood, a material witnesses to the acts allegedly committed by the defendant. His identification is

therefore of paramount importance to the defense especially if he turns out to be the same person who Defendant recognized as the person who attempted to rob him.

10. Where, as here, disclosure of the confidential informant's identity could verify defendant's version of events and would thus be exculpatory, it should be compelled. Under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the confidential informant's identity should therefore be disclosed.

WHEREFORE, for the reasons stated herein and for such other reasons as shall appear to the Court after a hearing in this matter, the Defendant requests that his Motion be granted and that the information requested be provided to the Defendant.

**BIGGS AND BATTAGLIA**

By:  /s/ Robert D. Goldberg
Robert D. Goldberg (ID # 631)
Biggs and Battaglia
921 North Orange Street
P.O. Box 1489
Wilmington, DE  19899
(302) 655-9677

DATED:  6/16/2006                                   Attorney for Defendant

4

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Cr. A. No. 06-28 |
| | ) | |
| v. | ) | |
| | ) | |
| LUKE GATLIN, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>ORDER</u>**

The Court, having considered Defendant's motion for disclosure of the identity of the Government's confidential informant and for relevant information concerning such confidential informant, hereby orders on this _____ day of _____, 2006 that the Government provide Defendant with the name of its confidential informant and that it also provide the following additional information:

IT IS SO ORDERED.

_____
J.

## CERTIFICATE OF SERVICE

I, Robert D. Goldberg, undersigned counsel of record, hereby certify that on June 16, 2006, I caused a copy of the attached DEFENDANT'S MOTION TO COMPEL DISCLOSURE OF IDENTITY OF THE GOVERNMENT'S CONFIDENTIAL INFORMANT to be served on the following in the manner indicated:

**VIA ELECTRONIC FILING**

Richard G. Andrews, Esquire
U.S. Attorney's Office
1007 Orange Street, Suite 700
Wilmington, DE 19801

                                                  /s/ Robert D. Goldberg
                                                Robert D. Goldberg (I.D. #631)

P:\Users\Meme\RDG\PLEADING\Gatlin 060206 motion.doc