IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 06-28-KAJ |
| | ) | |
| LUKE GATLIN, | ) | |
| | ) | |
| Defendant. | ) | |

**RESPONSE OF UNITED STATES TO DEFENDANT'S
MOTION TO COMPEL DISCLOSURE OF IDENTITY OF
THE GOVERNMENT'S CONFIDENTIAL INFORMANT**

NOW COMES the United States of America, by and through Colm F. Connolly, United States Attorney for the District of Delaware, and Richard G. Andrews, Assistant United States Attorney, and submits the following response to Defendant's Motion. The government respectfully requests that the Court deny the Defendant's motion.

1. The Defendant is charged with possession of a firearm by a convicted felon.

2. The Defendant was arrested after an informant provided information that the Defendant was carrying a firearm in his right coat pocket. The informant provided a specific description of the Defendant, his clothing, and his location. The location was 30th & Market Streets in Wilmington.

3. The police arrested the Defendant at 30th & Market, and recovered a gun from his right coat pocket.

4. In a post-arrest videotaped statement, the Defendant described how he came to possess the gun. He said that he had been talking on the phone with his girl's mom when he was

robbed at gunpoint by "some dude"[1] on 26th Street, between West and Washington Streets (i.e., about seven city blocks from where he was arrested).[2] He said the robber took $125 and his cell phone. He said that he had then used a "phone booth" to call a person ("Skeebo")[3] who met him at 28th & Market Streets (i.e., two city blocks from where he was arrested), where the person provided him with the gun. He said he then walked to 30th & Market Streets, made a phone call to his baby's mom, and was arrested.

5. The Defendant has proffered that at trial he would state that what he told the police was partially true, except that (1) he knew the person who robbed him by his street name of "Butter"[4]; (2) when Butter robbed the Defendant of his money and cell phone, the Defendant managed to take Butter's gun from him; and (3) Skeebo being the source of the gun was a fiction. He would also state at trial that the men who robbed him were following him in a car and demanded that he give them his gun back.

6. The Defendant now argues that the identity of the informant should be disclosed, because the informant is either the person who robbed him, or the person who was driving the car in which the robber was a passenger.

---

[1] At least twice, he stated that he had never seen the people who robbed him before.

[2] The Defendant said there was more than one person who robbed him, but did not say explicitly what the second person did.

[3] He also provided Skeebo's home phone number.

[4] Defense counsel has identified "Butter" as having a particular real name. The Government has suggested to defense counsel that if the Defendant wants to subpoena this person to the trial, the Government will provide assistance such as identifying the person's address so that the Defendant can serve a subpoena on him, or attempt to interview him.

2

7.   The burden is on the Defendant to show the need for the disclosure of confidential informant information. *See United States v. Jiles*, 658 F.2d 194, 197 (3d Cir. 1981).

8.   The standard for determining when a defendant's request for confidential informant information should be granted is set forth in *Roviaro v. United States*, 353 U.S. 53 (1957). *Roviaro* held that courts should balance the public interest in encouraging and protecting informants with a defendant's need for informant identity information to ensure a fair trial. *Id.* at 59-61. The *Roviaro* Court struck this balance in favor of the defendant where the confidential informant was the sole participant, other than the defendant, in the charged transaction and where the informant could provide relevant testimony to support a defense of entrapment or to cast doubt on the identification of the defendant as the guilty party. In *Jiles*, the Third Circuit identified a "spectrum," on the extreme end of which are *Roviaro* and similar cases where the defendant is likely to prevail because he can show that the informant "played an active and critical role in the events underlying the defendant's potential criminal liability", and the identity must be disclosed to ensure a fair trial. 658 F.2d at 196-97. However, "[a]t the other end of the spectrum, are cases in which the informant was not an active participant or eyewitness, but rather a mere tipster. In such cases courts have generally held that the informant's identity need not be disclosed." *Id.* at 197. In the middle are cases in which the informant is an eyewitness, but not a participant in the "criminal activity." *Id.*

9.   The government does not intend to call the CI as a witness in Defendant's trial. Even if he were not a confidential informant, his testimony is completely unnecessary to the government's case. The elements of the offense are that the Defendant was a convicted felon who possessed a firearm that had previously traveled in interstate commerce. *See United States v. Dodd*, 225 F.3d 340, 344 (3d Cir. 2000). Even if the Defendant's allegation that the informant or the informant's

partner robbed him seven blocks from 30th and Market is true, that does not negate any of the three elements of the offense that the government has to prove. Thus, the CI's testimony, and therefore disclosure of his identity, is irrelevant to proof of the three elements of the offense. The specific nature of the CI's tip tends to indicate the CI was an eyewitness to the Defendant's possession of the gun. That he might have been an eyewitness is, however, not significant in this case. First, his presumed eyewitness testimony implicates the Defendant. Second, there were other eyewitnesses, including two law enforcement officers (Kananan and Burch) as well as at least one civilian witness – the woman the Defendant was talking to when he was arrested, whose identity is disclosed in the police reports. There is no need for the Defendant to know who the informant was, as there are other eyewitnesses to the crime, and no reason to believe the informant's testimony would contradict any of them.

10. There is also no reason to disclose the identity of the informant when the defendant says he already knows who the informant is, and can subpoena that person at the trial.

11. Part of any balancing is the danger to the informant. While there is no specific information that the Defendant has threatened the informant,[5] the Defendant is an Armed Career Criminal, having State of Delaware convictions or adjudications for, among other things, possession with intent to deliver cocaine (2005), assault 2nd (1999), possession with intent to deliver cocaine (1998), possession with intent to deliver (age 16), and robbery 2nd (age 14). The U.S. Magistrate Judge detained him as a danger to the community. The fact that he is presently incarcerated does not mean that he cannot ask someone else to do something to the CI.

---

[5]The government is not submitting a sealed affidavit, *see United States v. Jiles*, 658 F.2d at 198, because it does not have any specific confidential information about danger to the informant.

4

12. The Defendant's motion does not state how disclosure of the CI's identity would assist his defense. Assuming for the sake of argument that Butter is the informant, and assuming for the sake of argument that, if subpoenaed, Butter would say, I robbed the Defendant, but he took my gun during the robbery, and that's my gun that was seized from him, the Defendant is still guilty of being a felon in possession of a firearm. *Roviaro* does hold that there could be disclosure if the disclosure of the informant's identity "is relevant and helpful to the defense of an accused." 353 U.S. at 60-61. However, the Defendant does not suggest, and the Government does not know, how the CI's testimony would make out a legal defense for the Defendant. For example, the defense of justification requires: "(1) that the defendant . . . was under unlawful and present threat of death or serious bodily injury; (2) that the defendant did not recklessly place himself in a situation where he would be forced to engage in criminal conduct; (3) that the defendant had no reasonable legal alternative that would avoid both the criminal conduct and threatened death or injury; and (4) that there was a direct causal relationship between the criminal act and the avoidance of the threatened harm." *United States v. Dodd*, 225 F.3d 340. While, in the Government's view, the Defendant's proffer is fairly incredible,[6] and may be unsustainable as a factual matter (*Dodd* holds the defendant has to prove a justification defense, and the proffer is contradicted by the post-arrest statement, which was videotaped), of more significance is the fact that the proffer contains no evidence of the second element (that is, once the robbery had occurred, that there was any threat to the Defendant of serious bodily injury or death) or the third element (that is, that the Defendant had no reasonable alternative, such as calling the police to report that he had been robbed and took the gun in "self-

---

[6] It does not seem a likely factual scenario that the robber takes the Defendant's money and cell phone while the Defendant takes the robber's gun.

defense" and that the robbers were following him). To the extent a defense of justification is contemplated, the Government submits that the proffer in the motion is insufficient to make out the defense. Absent more, the Court should not instruct the jury on the defense of justification even if the Court allows the Defendant to testify as is proffered.

13. There is thus no reason to believe the CI's testimony would establish the Defendant's "guilt or innocence," either as a matter of negating the Government's case-in-chief, or as a matter of providing a basis for some legally cognizable defense. The disclosure of the identity of the CI in this case is thus not necessary for a fair trial, and, therefore, should not be disclosed.

WHEREFORE, for the reasons set forth above, the government respectfully requests that the Court deny the Defendant's motion requesting disclosure of the informant's identity.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY: *[signature]*
Richard G. Andrews
First Assistant United States Attorney

Dated: June 30, 2006

## CERTIFICATE OF SERVICE

I, Theresa A. Jordan, an employee with the United States Attorney's Office, hereby certify that on June 30, 2006, I electronically filed the foregoing:

**RESPONSE OF UNITED STATES TO DEFENDANT'S MOTION TO DISCLOSE INFORMATION REGARDING CONFIDENTIAL INFORMANT**

with the Clerk of the Court using the CM/ECF which will send notification of such filing to:

>Robert D. Goldberg, Esq.
>Biggs & Battaglia
>921 North Orange Street
>P.O. Box 1489
>Wilmington, DE 19899

*/s/ Theresa A. Jordan*