## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal Action No. 06-28-KAJ |
| | ) |
| LUKE GATLIN, | ) |
| | ) |
| Defendant. | ) |

## <u>JOINT REQUEST FOR JURY INSTRUCTIONS</u>

COLM F. CONNOLLY
United States Attorney

By:_____/s/_____
Richard G. Andrews
Ilana H. Eisenstein
Assistant United States Attorneys
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, Delaware  19899-2046
(302) 573-6277

Dated:    August 22, 2006

# TABLE OF CONTENTS

**Page**

GENERAL

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

JURORS' DUTIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. 2

PRESUMPTION OF INNOCENCE
BURDEN OF PROOF
REASONABLE DOUBT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. 3

EVIDENCE DEFINED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

CONSIDERATION OF EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

DIRECT AND CIRCUMSTANTIAL EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

CREDIBILITY OF WITNESSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

DEFENDANT'S TESTIMONY  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

EXPERT WITNESSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

NATURE OF THE CHARGES

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

POSSESSION OF A FIREARM BY A FELON – ELEMENTS OF THE OFFENSE . . . . . . . . 12

STIPULATION REGARDING DEFENDANT'S PRIOR FELONY CONVICTION . . . . . . . . .13

"FIREARM" – DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

"KNOWINGLY" – DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15

**Page**

INFERRING REQUIRED MENTAL STATE .................................... 16

"POSSESSION" – DEFINED ................................................ .17

"INTERSTATE COMMERCE" – DEFINED .................................... .18

JUSTIFICATION DEFENSE ................................................ 19

DELIBERATIONS AND VERDICT

INTRODUCTION ....................................................... 22

UNANIMOUS VERDICT .................................................. 23

DUTY TO DELIBERATE ................................................. 24

PUNISHMENT ......................................................... 25

VERDICT FORM ....................................................... 26

COURT HAS NO OPINION ............................................... 27

# **GENERAL**

## **INTRODUCTION**

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every criminal case.

Then I will explain the elements, or parts, of the crime that the defendant is accused of committing.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

## **NOTES**

Pattern Criminal Jury Instructions, 6th Circuit, § 1.01.

1

## JURORS' DUTIES

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the Government has proved the defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers may have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

### NOTES

Pattern Criminal Jury Instructions, 6th Circuit, § 1.02 (2005)

2

## PRESUMPTION OF INNOCENCE

## BURDEN OF PROOF

## REASONABLE DOUBT

As you know, the defendant has pleaded not guilty to the crime charged in the Indictment. The Indictment is not evidence of guilt. It is just the formal way that the Government tells the defendant what crime he is accused of committing. It does not even raise any suspicion of guilt.

Instead, a defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the Government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

This means that a defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the Government to prove that he is guilty, and this burden stays on the Government from start to finish. You must find the defendant not guilty unless the Government convinces you beyond a reasonable doubt that he is guilty.

The Government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the Government has proved a defendant guilty beyond a reasonable

doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

**<u>NOTES</u>**

Pattern Criminal Jury Instructions, 6th Circuit, §1.03 (2005)

4

## EVIDENCE DEFINED

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; and the stipulations that the lawyers agreed to.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## NOTES

Pattern Criminal Jury Instructions, 6th Circuit, §1.04 (2005)

5

## CONSIDERATION OF EVIDENCE

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

## NOTES

Pattern Criminal Jury Instructions, 6th Circuit, § 1.05.

6

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, nor does it say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

Pattern Criminal Jury Instructions, 6th Circuit, § 1.06.

## CREDIBILITY OF WITNESSES

You have seen the witnesses and have heard them testify. It is your duty to reconcile all the testimony of all the witnesses, both on direct and on cross-examination, with all of the facts, if you are able to do so. If, after weighing the matter carefully, and viewing it in light of your best judgment as reasonable men and women, you find you are unable to reconcile a conflict in the testimony, then it is for you to say who has been mistaken, who has told the truth, who has testified falsely, and whom you will believe. In other words, it is for you to determine whether the Government has proved beyond a reasonable doubt whether the defendant committed the offense charged in the Indictment, and, in making that determination, it is for you to decide which testimony is most worthy of belief, and you may disregard any testimony which cannot be reasonably and fairly reconciled with testimony you believe.

## DEFENDANT'S TESTIMONY

You have heard the defendant testify.  The defendant's credibility should be judged in the same way as any other witness.

Adapted:  Pattern Criminal Jury Instructions, 6th Circuit, § 7.02B.

IF REQUESTED BY EITHER PARTY:

## **EXPERT WITNESSES**

In this case, I have permitted expert testimony to express opinions about matters that are in issue. Expert testimony is testimony from a person who has a special skill or knowledge in some science, profession, or business. This skill or knowledge is not common to the average person but has been acquired by the expert through special study or experience.

In weighing this opinion testimony, you may consider the experts' qualifications, the reasons for the expert's opinions, and the reliability of the information supporting the experts' opinions, as well as the factors I previously mentioned for weighing testimony of any other witness. Expert testimony should receive whatever weight and credit you think appropriate, given all the other evidence in the case.

Adapted:  1 L. Sand, *et al.*, Modern Federal Jury Instructions at 7-21.

## NATURE OF THE CHARGES

## INTRODUCTION

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crime that the defendant is accused of committing.

But before I do that, I want to emphasize that the defendant is only on trial for the particular crime charged in the Indictment. Your job is limited to deciding whether the Government has proved the particular crime charged was committed by the defendant. Also keep in mind that whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the Government has proven this defendant guilty. Do not let the possible guilt of others influence your decision in any way.

## NOTES

Pattern Criminal Jury Instructions, 6th Circuit, § 2.01.

The defense objects to the final three sentences of this instruction as not relevant to this case.

The government, however, expects there will be testimony at trial regarding a robbery, and therefore requests that the jury be instructed not to consider the guilt of third parties.

11

## POSSESSION OF A FIREARM BY A FELON –

### **ELEMENTS OF THE OFFENSE**

Count One of the Indictment charges the defendant with Possession of a Firearm by a

Convicted Felon.  For you to find the defendant guilty of this charge, the Government must prove

each of the following elements beyond a reasonable doubt:

**FIRST:**       That, prior to the date of the offense alleged in the Indictment, the

defendant had been convicted in any court of a crime punishable by

imprisonment for a term exceeding one year;

**SECOND:**    That the defendant knowingly possessed the firearm charged in the

Indictment, that is, a F.I.E. Corp. .25 caliber Titan Pistol, serial number

228925; and

**THIRD:**       That the firearm had passed in interstate commerce.

**NOTES**

United States v. Dodd, 225 F.3d 340, 344 (3d Cir. 2000).

## STIPULATION REGARDING
## <u>DEFENDANT'S PRIOR FELONY CONVICTION</u>

With regard to the first element, the existence of a prior felony conviction, the parties have stipulated that the defendant was convicted of a crime in the Superior Court for the State of Delaware, in and for New Castle County, and that this crime was a felony, that is, punishable by imprisonment for a term exceeding one year. The parties have also stipulated that this felony conviction occurred prior to the time the defendant is alleged to have possessed the firearm charged in Count One of the Indictment.

I instruct you, in this connection, that the prior conviction that is an element of the charge here, and is not disputed, is only to be considered by you for the fact that it exists, and for nothing else. You are not to consider it for any other purpose, nor may you speculate as to what it was for.

## <u>NOTES</u>

2 L. Sand, et al., <u>Modern Federal Jury Instructions</u> at 35-48.

13

## **"FIREARM" – DEFINED**

A firearm is any weapon which will, or is designed to, or may readily be converted to expel a projectile by action of an explosive.

## **NOTES**

18 U.S.C. § 921(a)(3).

## **"KNOWINGLY" – DEFINED**

The Government must prove that the defendant acted "knowingly." This means that the defendant acted purposely and voluntarily, and not by accident or mistake.

The Government must also prove that the defendant knew that the weapon he is charged with possessing was a firearm, as we commonly use the word. However, the Government is not required to prove that the defendant knew that he could not lawfully possess a firearm, or that the defendant possessed the firearm with the intent to cause harm.

## **NOTES**

2B O'Malley, *et al.*, Federal Jury Practice and Instructions at 64.15; United States v. Barbosa, 271 F.3d 438, 458 (3d Cir. 2001); United States v. Dodd, 225 F.3d 340, 344 (3d Cir. 2000).

## INFERRING REQUIRED MENTAL STATE

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

## **"POSSESSION" – DEFINED**

Next, I want to explain something about possession. The Government does not necessarily have to prove that the defendant physically possessed the firearm charged in the Indictment for you to find him guilty of this crime. The law recognizes two kinds of possession – actual possession and constructive possession. Either one of these, if proved by the Government, is enough to convict. Proof of ownership of the firearms is not required.

To establish actual possession, the Government must prove that the defendant had direct, physical control over the firearms, and knew that he had control of it.

To establish constructive possession, the Government must prove that the defendant knowingly had the power to exercise dominion or control over the firearm and that he had the intention to exercise dominion or control over the firearm at some time, either directly or through other persons.

For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

But understand that just being present where something is located does not automatically equal possession. The Government must prove that the defendant had actual or constructive possession of the firearm charged in the Indictment, and knew that he did, for you to find him guilty of this crime. This, of course, is all for you to decide.

## **NOTES**

Pattern Criminal Jury Instructions, 6th Circuit, § 2.10, United States v. Iafelice, 978 F.2d 92, 96 (3d Cir. 1992).

17

## "INTERSTATE COMMERCE" – DEFINED

To satisfy the third element, the Government must prove that at some point prior to the defendant's possession of the firearm charged in Count One of the Indictment, the firearm was in or affected interstate commerce. It is sufficient for the Government to satisfy this element by proving that at any time prior to the date charged in the Indictment, the firearm crossed a state line. It is not necessary that the Government prove that the defendant himself carried the firearm across a state line, nor must the Government prove who carried the firearm across a state line nor how the firearm was transported across a state line. It is also not necessary for the Government to prove that the defendant knew that the firearm had previously traveled through interstate commerce.

Proof that a firearm was manufactured outside of Delaware and traveled into Delaware is sufficient to satisfy this element.

[If Stipulation replace with:

With regard to the third element, that at some point prior to the defendant's possession of the firearm, the firearm was in or affected interstate commerce, the parties have stipulated that the firearm charged in Count One of the Indictment, that is, a F.I.E. Corp. .25 caliber Titan Pistol, serial number 228925, was manufactured outside of Delaware and traveled into Delaware prior to the date charged in the Indictment.]

## NOTES

2 L. Sand, *et al.*, Modern Federal Jury Instructions at 35-50; Scarborough v. United States, 431 U.S. 563, 567 (1977); United States v. Singletary, 268 F.3d 196, 198, 200 (3d Cir. 2001).

18

*[The defense and government propose different jury instructions on the defense of justification.]*

<u>**JUSTIFICATION DEFENSE [Government Proposal]**</u>

One of the questions in this case is whether the defendant was justified in possession of the firearm. Here, unlike the other matters I have discussed with you, the defendant has the burden of proof to prove each element of the defense of justification.

For you to return a verdict of not guilty because of the defense of justification, the defendant must prove all of the following five factors by a preponderance of the evidence:

**FIRST:**       that the defendant reasonably believed there was an unlawful and imminent threat of death or serious bodily injury to himself;

**SECOND:**    that the defendant did not recklessly or negligently place himself in a situation where he would be forced to possess the firearm;

**THIRD:**       that the defendant had no reasonable, legal alternative to possession of the firearm;

**FOURTH:**    that the defendant reasonably believed possession of the firearm would avoid the threatened harm; and

**FIFTH:**        that the defendant did not maintain possession of the firearm any longer than absolutely necessary.

If the defendant proves by a preponderance of the evidence all of the five elements listed above, then you must find the defendant not guilty.

Preponderance of the evidence is defined as "more likely than not." In other words, the defendant must convince you that the five factors are more likely true than not true.

19

**NOTES FOR THE GOVERNMENT'S PROPOSED JUSTIFICATION INSTRUCTION**

Pattern Criminal Jury Instructions, 6th Circuit, § 6.07 (2005).

As set forth in a letter filed on August 22, 2006, the government expects to object to any justification instruction.

If a justification instruction is given, the government requests that this Court give the proposed Sixth Circuit pattern instruction, which is consistent with the case law, including the Third Circuit's decision in *United States v. Paolello*, 951 F.2d 537, 540-42 (3d Cir. 1991) (citing *United States v. Singleton*, 902 F.2d 471, 472-73 (6th Cir. 1990), with approval for the proposition that "an interdicted person may possess the firearm no longer than absolutely necessary"). *See also United States v. Williams*, 389 F.3d 402, 405 (2d Cir. 2004); *United States v. Beasley*, 346 F.3d 930, 935-36 (9th Cir. 2003); *United States v. Stover*, 822 F.2d 48, 50 (8th Cir. 1987). *Cf. United States v. Bailey*, 444 U.S. 394, 412-13 (1980) (holding that a prison escapee asserting a justification defense must show that he attempted to surrender as soon as safety allowed).

## JUSTIFICATION DEFENSE [Defense Proposal]

One of the questions in this case is whether the defendant was justified in possession of the firearm. Here, unlike the other matters I have discussed with you, the defendant has the burden of proof to prove each element of the defense of justification.

For you to return a verdict of not guilty because of the defense of justification, the defendant must prove all of the following four factors by a preponderance of the evidence:

**FIRST:** that the defendant was under unlawful and present threat of death or serious bodily injury;

**SECOND:** that the defendant did not recklessly place himself in a situation where he would be forced to engage in criminal conduct;

**THIRD:** that the defendant had no reasonable legal alternative; and

**FOURTH:** that there was a direct causal relationship between the criminal action and avoidance of the threatened harm.

If the defendant proves by a preponderance of the evidence all of the four elements listed above, then you must find the defendant not guilty.

Preponderance of the evidence is defined as "more likely than not." In other words, the defendant must convince you that the four factors are more likely true than not true.

## NOTES FOR THE DEFENSE'S PROPOSED JUSTIFICATION INSTRUCTION

*Dixon v. United States*, 126 S.Ct. 2437, 2440 (2006); *United States v. Beasley*, 346 F.3d 930, 933 (9th Cir. 2003); *United States v. Hudson*, 414 F.3d 931, 933 (8th Cir. 2005); *United States v. Lomax,* 87 F.3d 959, 961 (8th Cir. 1996).

21

## DELIBERATIONS AND VERDICT

### INTRODUCTION

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

### NOTES

Pattern Criminal Jury Instructions, 6th Circuit, § 8.01.

## **UNANIMOUS VERDICT**

Your verdict, whether it is guilty or not guilty, must be unanimous.

To find a defendant guilty, every one of you must agree that the Government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find him not guilty, every one of you must agree that the Government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

After you have reached unanimous agreement as to the guilt or innocence of the defendant with respect to the Indictment, you then return to the courtroom. Your foreperson, who by custom of this Court is the No. 1 juror, _____, in answer to a question asked by the Clerk, will give your verdict of either "Not Guilty" or "Guilty" with respect to the Indictment.

## **NOTES**

Pattern Criminal Jury Instructions, 6th Circuit, § 8.03.

## DUTY TO DELIBERATE

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the Government has proved the defendant guilty beyond a reasonable doubt.

## NOTES

Pattern Criminal Jury Instructions, 6th Circuit, § 8.04.

24

## **PUNISHMENT**

If you decide that the Government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the Government has proved the defendant guilty beyond a reasonable doubt.

## **NOTES**

Pattern Criminal Jury Instructions, 6th Circuit, § 8.05.

## **VERDICT FORM**

I have prepared a verdict form that you should use to record your verdict. The form will be given to the foreperson.

If you decided that the Government has proved the charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the Government has not proved the charge against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Each of you should then sign the form, put the date on it, and return it to me.

## **NOTES**

Pattern Criminal Jury Instructions, 6th Circuit, §8.06 (2005)

## **COURT HAS NO OPINION**

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the Government has proved the defendant guilty beyond a reasonable doubt.

## **NOTES**

Pattern Criminal Jury Instructions, 6th Circuit, §8.09 (2005)

27

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney


BY:             /s/

        Richard G. Andrews
        Ilana H. Eisenstein
        Assistant United States Attorneys


Dated: August 22, 2006

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal Action No. 06-28-KAJ |
| | ) |
| LUKE GATLIN, | ) |
| | ) |
| Defendant. | ) |

**CERTIFICATE OF SERVICE**

I, Ilana H. Eisenstein, Assistant United States Attorney for the District of Delaware, hereby

certify that on the 22nd day of August, 2006, I caused to be electronically filed **Joint Request for**

**Jury Instructions** with the Clerk of the Court using CM/ECF.  Said document is available for

viewing and downloading from CM/ECF and will be electronically transmitted to the following:

Robert D. Goldberg, Esq.
Biggs & Battaglia
921 North Orange Street
Wilmington, DE 19899

_____/s/_____
Ilana H. Eisenstein
Assistant United States Attorney