

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

Nemours Building  (302) 573-6277
1007 Orange Street, Suite 700  FAX (302) 573-6220
P.O. Box 2046
Wilmington, Delaware 19899-2046

August 22, 2006

**Hand Delivered**

Honorable Kent A. Jordan
United States District Court
J. Caleb Boggs Federal Building
844 King Street
Wilmington, Delaware  19801

    Re:  **United States v. Luke Gatlin,**
          **Criminal Action No. 06-28-KAJ**

Dear Judge Jordan:

    This letter is submitted in connection with the trial of Luke Gatlin, scheduled for September 12, 2006. The Defendant has indicated that he will mount a justification defense. To that end, the parties have submitted proposed jury instructions that include instructions on a justification defense. The government writes now to advise the Court that we very much doubt that the trial testimony (even taken in the light most favorable to the defendant) will make out such a defense. Therefore, we expect to object to the Court giving any justification instruction to the jury.

    The defendant gave a very brief proffer of events at the suppression hearing. *See* 7/12/06 Suppression Transcript, at p.38. The defendant is expected to testify that he obtained a firearm from an individual who robbed him of his cell phone and money. This transaction took place near 26th and Washington Streets. The defendant is expected to testify that the robber then followed him to 30th and Market Streets, where the defendant used a pay phone to call his girlfriend. Under the defendant's version of events, he was then immediately apprehended by the police when he finished the phone call. *Id.*

    The Third Circuit has stated that the justification defense has four elements: (1) that the defendant reasonably believed there was an unlawful and imminent threat of death or serious bodily injury to himself or to another person; (2) that the defendant did not recklessly or negligently place himself in a situation where he would be forced to engage in the criminal conduct; (3) that the defendant had no reasonable legal alternative to engaging in the criminal conduct; and (4) that the defendant reasonably believed his criminal conduct would avoid the threatened harm, such that there was a direct causal connection between the criminal action and the avoidance of the threatened harm. *See United States v. Paolello,* 951 F.2d 537, 540 (3d Cir. 1991).

Honorable Kent A. Jordan
August 22, 2006
Page 2

Re:  Luke Gatlin

---

The Third Circuit, moreover, has taken a "restrictive view of the justification defense in the context of 18 U.S.C. § 922 charges," noting that "Congress wrote section 922(g) in absolute terms, leaving little room for any defense based on a lack of intent." *Id.* at 541. To this end, *Paolello* praised other circuits' limitations on the justification defense in this context, including the requirement that "an interdicted person . . . possess the firearm no longer than absolutely necessary." *Id.* (quoting *United States v. Singleton*, 902 F.2d 471, 472-73 (6th Cir. 1990)).

In *Paolello*, the Third Circuit found that the district court should have given a justification instruction. The facts of *Paolello*, however, are readily distinguishable from the defendant's proffered version of events. In *Paolello*, the defendant claimed that an individual followed him out of a bar and punched him in the face. During the ensuing struggle, the defendant noticed that the assailant had a firearm and the defendant was able to knock the firearm out of the assailant's hands. The defendant testified that he grabbed the gun, and was running away from the scene, down an alley, when the police arrived and told him to stop. Only a matter of moments elapsed from the time when the defendant first grabbed the gun to the time he was apprehended by the police, during which there was no reasonable legal alternative to the firearm possession.

By contrast, under the defendant's version of events in this case, he walked seven or so city blocks between the time the defendant obtained the firearm from the robber and the time he was apprehended by the police. Further, he had time to use a pay phone to call his girlfriend prior to being apprehended by law enforcement officers.[1] It is proper to refuse a justification instruction in circumstances, such as these, where the defendant failed to forgo possession of the firearm or to contact law enforcement at the first possible opportunity. *See, e.g., United States v. Williams*, 389 F.3d 402, 404-05 (2d Cir. 2004) (upholding the district court's refusal to give a justification instruction where the defendant claimed that he took the firearm from a minor child, but where the defendant dropped the firearm and fled from the police when confronted); *United States v. Singleton*, 902 F.2d 471, 473 (6th Cir. 1990) (upholding the district court's refusal to give a justification instruction where defendant claimed to have taken the firearm while escaping from a bungled burglary and kidnaping, but where the defendant went to his friend's house leaving the gun in his car); *see also United States v. Beasley*, 346 F.3d 930, 932-33 (9th Cir. 2003) (holding that a felon is not "entitled to a reasonable time period to dispose of the firearm" but rather, a felon is required to "get rid of the firearm as soon as a safe opportunity arises"), *cert. denied*, 542 U.S. 921 (2004). *See generally United States v. Bailey*, 444 U.S. 394, 415 (1980) (it is "an indispensable element" of a justification defense to a charge of prison escape

---

[1] The government expects the defendant will admit he was having an alcoholic drink and talking to a woman at the time he was arrested.

Re: Luke Gatlin

---

for the defendant to surrender, or make a *bona fide* effort to do so, to authorities as soon as possible after the escape).[2]

Exactly what the defendant will say will not be known until he testifies and is cross-examined. It seems reasonable, however, based on the proffers made to date, to expect that the defendant's version of events will likely admit that he possessed the firearm for perhaps as much as an half hour, and that whatever justification existed at the time he acquired the gun had ceased to exist by the time he was arrested in possession of the gun. The defendant was able to make a phone call to his girlfriend, but he did not contact the authorities, and he did not dispose of the firearm as soon as a safe opportunity to do so arose. Therefore, as a matter of law, his justification defense should fail.

For the foregoing reasons, the government expects to object to the justification instruction.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

By: _____/s/_____
Richard G. Andrews
Ilana H. Eisenstein
Assistant United States Attorneys

cc: Robert Goldberg, Esquire
Clerk, U.S. District Court

---

[2] As *Bailey*, *Singleton*, and *Paolello* state, in their various contexts, a justification defense is not made out if the defendant keeps doing the prohibited act for any longer than is necessary. That is why, if the Court decides to give a justification instruction, the Government believes that the pattern Sixth Circuit instruction, submitted with the Request for Jury Instructions is a better and clearer statement of the law than the defendant's requested instruction.