| | | |
|---|---|---|
| **VICTOR F. BATTAGLIA**<br>**ROBERT D. GOLDBERG**<br>**PHILIP B. BARTOSHESKY**<br>**VICTOR F. BATTAGLIA, JR.**<br>**STEVEN F. MONES** | **BIGGS AND BATTAGLIA**<br>ATTORNEYS AT LAW<br>921 NORTH ORANGE STREET<br>P.O. BOX 1489<br>WILMINGTON, DELAWARE 19899<br>(302) 655-9677<br>TELECOPIER (302) 655-7924 | OF COUNSEL<br>JOHN BIGGS III<br>GERARD P. KAVANAUGH, SR.<br>S. BERNARD ABLEMAN |

Writer's Direct E-mail: Goldberg@batlaw.com

August 29, 2006

**Via Hand Delivery and E-File**
The Honorable Kent A. Jordan
United States District Court
844 King Street
Lock Box 10
Wilmington, DE 19801

    *Re:*    *U.S. v. Gatlin*
             *C.r.A. No. 06-28*

Dear Judge Jordan:

      This letter is submitted in response to the letter of the U.S. Attorney's Office regarding the justification defense which Defendant proposes to offer at his trial in the above matter. The Government has written to the Court expressing doubts about the trial testimony supporting such a defense and alerting the Court that it expects to oppose the giving of a justification defense to the jury. While I recognize that your decision may have to await the evidence. I do want to respond to the Government's letter and to provide the Court with reasons why we think a justification instruction is appropriate in this case.

      The general outline provided by the Government of the factual predicate for a justification defense is substantially correct. The Defendant, if he testifies, will say that he was talking on his cell phone to Tierra Morris (a former girlfriend) when he noticed two individuals in a car. One of those individuals exited the car, approached the Defendant and pointed a gun at him. He then took Defendant's cell phone and some money that he had in his pocket. Defendant will also testify that, at some point during this incident, he grabbed the gun, wrestled with the robber, and ultimately ended up with the gun. Thereafter, he walked from the scene of the incident to 30th and Market Streets where he used a pay phone to make a call to Ms. Morris. He will also testify that he was followed from the scene of the incident to 30th and Market Streets by the robber and his accomplice in their vehicle and that at one point they approached him and the robber demanded that he return the gun to him.

      The Government in its letter recites the four elements of the justification defense as set forth in *United States v. Paolello.* 951 F2d 537, 540 (3d Cir. 1991). These

The Honorable Kent A. Jordan
August 29, 2006
Page 2

elements are the same as those which Defendant has included in the proposed jury instructions which were forwarded to the Court.

Nonetheless, the Government argues that this Court should narrowly interpret the law and that a justification instruction is not appropriate in this case. The Government does not seem to argue that such a defense would not have been appropriate at some point during the series of events which I described. Instead, the Government appears to contend that, even though the Plaintiff may have been justified at the outset in possessing the gun, he nonetheless waited too long to get rid of it and is therefore guilty under the restrictive provisions of 18 *U.S.C.* §922. The Defendant disagrees.

The Government attempts to distinguish the case at bar from *Paolello*. There, in a case similar to that at bar, the defendant claims to have taken a firearm out of the hands of an assailant and was running away from the scene of the altercation when he was stopped by the police.[1] He claimed that he had no alternative but to possess the gun and the Appeals Court agreed that under such circumstances, he was at least entitled to a justification instruction. While the events at the case at bar unfolded differently than those in *Paolello*, they are nonetheless similar in all material respects. Thus, the Defendant in the case at bar also wrestled with an assailant and took possession of the assailant's firearm. Then, as in *Paolello*, he fled from the scene, although in this case he was pursued by his assailant and the driver in their vehicle. When he arrived at 30th and Market Streets, the location of the pay phone, he was accosted yet again by the robber, who demanded that he return his gun to him. Defendant refused and unsuccessfully phoned Ms. Morris from a pay phone. He was arrested right afterwards by the police, acting on a tip from a confidential informant.

Here, there can be no doubt that if the Defendant's version of events is believed by the jury that he has made out a *prima facie* justification defense.

> …The circuits that have decided the issue have unanimously allowed a justification defense to a section 922 charge. *See United States v. Bell,* 214 F.3d 1299, 1300 (11th Cir.2000); *United States v. Gomez,* 92 F.3d 770, 774-75 (9th Cir.1996); *United States v. Singleton,* 902 F.2d 471, 472 (6th Cir.1990) ("[C]ommon sense dictates that if a previously convicted felon is attacked by someone with a gun, the felon should not be found guilty for taking the gun away from the attacker in order to save his life."); *United States v. Paolello,* 951 F.2d 537 (3d Cir.1991); *Panter,* 688 F.2d at 268; *see also United States v. Perrin,* 45 F.3d 869, 875 (4th Cir.1995); *United States v. Vigil,* 743 F.2d 751, 756 (10th Cir.1984).

---

[1] In *Paolello* the Defendant threw the gun away and kept running after the police officer told him to stop. Here, the Defendant made no attempt to flee when the arresting officers identified themselves.

The Honorable Kent A. Jordan
August 29, 2006
Page 3

*U.S. v. Holliday*  2006 WL 2142565, *5 (C.A.1 (Mass. (C.A.1 (Mass.),2006)

  Moreover, that defense continued up to the time Defendant was arrested. As in *Paolello*, the Defendant here was in danger the entire time, as he was being actively pursued by the robber. Thus, at all times, he perceived himself to be in danger. While there can be no justification defense if the Defendant maintains possession of a firearm after the danger subsides (*Unites States v. Stover,* 822 F2d 48 (8th Cir. 1987) that was not the case here.

  The foundation of the Government's argument is based on cases such as *United States v. Singleton,* 902 F.2d 471 (6th Cir.1990) and *United States v. Beasley,* 346 F3d 930 (9th Cir. 2003) cert. denied, 542 U.S. 921 (2004) which the Government claims stand for the proposition that a felon is not entitled to a reasonable time period to dispose of a firearm but is instead required to get rid of it as soon as a safe opportunity arises. However, the Government does not say when, during the sequence of events, the Defendant's justification defense dissolved and he then became guilty under §922(g). As noted above, the Defendant in this case believed that he was in danger during the entire period he was in possession of the weapon. Whether or when he should have disposed of the firearm is therefore a question for the jury. As stated in *Beasley,* 346 F3d 930, *935-936 (CA 9, Cal., 2003) the Defendant is entitled to argue to the jury those reasons for not immediately turning a gun over to the police. In so deciding, the *Beasley* court recognized that it was for the jury to determine whether or not the Defendant should have, or could have, acted in a different manner than he did in order to relieve himself of the possession of the firearm. Defendants submit that this is therefore a jury question and that he is entitled to the instruction sought.

            Respectfully submitted,

            /s/ Robert D. Goldberg
            Robert D. Goldberg (I.D. #631)

RDG/mnj

cc: Clerk of the Court
   Richard G. Andrews, Esquire

P:\Users\Meme\RDG\CORRESPO\Jordan, Judge 082406 re Gatlinv2.doc