IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Cr. A. No. 06-28 |
| | ) | |
| v. | ) | |
| | ) | |
| LUKE GATLIN, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO THE GOVERNMENT'S MOTION IN LIMINE
REGARDING EVIDENCIARY ISSUES AT TRIAL**

NOW COMES defendant Luke Gatlin by and through his attorneys and in connection with the trial of the above case scheduled to begin September 12, 2006, hereby responds to the Government's request that this Court exclude certain testimony which it expects the defense to proffer as follows:

1.  In abbreviated form, the Government outlines the facts of Defendant's arrest after a confidential informant provided information to a police officer that the Defendant was carrying a handgun in his coat pocket.

2.  The Government also summarizes the post-arrest statement given by Defendant as well as the differences between that statement and what the Defendant is expected to testify to at trial. Specifically, in his statement to the police after his arrest, Defendant recounted that he had been robbed before the arrest but that he did not know the name of the persons who robbed him. At trial, the Government expects the Defendant to testify that he does in fact know the name of one of the persons who robbed him. That person, who goes by the street name of "Butter", is named Daquon Anderson.

3. Defendant has subpoenaed Daquon Anderson to testify and, the Government has interviewed Mr. Anderson. Based on that interview, the Government expects that Mr. Anderson will deny that he and a friend robbed the Defendant and that he will instead testify that he saw the Defendant at 30th and Market Streets, shortly before his arrest and that at that time Defendant displayed a gun and asked him to help him find some people who had just robbed him.

4. Because the Government expects Daquon Anderson, to offer only inculpatory evidence, the Government fears that the Defendant will try to impeach him by asking him (1) whether he was the confidential informant; (2) what his criminal history is; and (3) about any prior statements he has made. Contrary to the Government's speculation, the Defendant does not intend to call Daquon Anderson for the purpose of impeaching him although it certainly will do so if the opportunity arises.

5. In support of his justification defense, Defendant will attempt to prove a number of facts as follows:

    A. First, that the Defendant was robbed shortly before he was arrested;

    B. Second, that Daquon Anderson was the person who robbed him;

    C. Third, that Defendant was able to take away the handgun that Daquon Anderson pointed at him during the robbery;

    D. Fourth, that Daquon Anderson followed the Defendant from the spot where the robbery took place to 30th and Market Streets where he was arrested and that since Daquon Anderson and his accomplice were the only ones who saw Defendant with the handgun that Daquon Anderson or his friend was the confidential informant who advised the police that Defendant had the handgun.

6.    Of course, the Defendant does not expect Daquon Anderson to admit his complicity in the robbery of the Defendant. However, he is a witness and he is available to testify. Putting aside the fact that if the Defendant does not call him, then the Government can comment on the Defendant's failure to do so, his testimony could nonetheless be helpful to the defense, even if he denies having anything to do with the robbery. Since there are two versions of what occurred, the defense intends to question Mr. Anderson regarding the day's events and to contrast in closing arguments his testimony with that of the Defendant.

**PRIOR INCONSISTENT STATEMENTS**

7.    Curiously the government states that it does not know of any prior inconsistent statements made by Daquon Anderson and yet it asks the Court for an order prohibiting his impeachment by prior statement. The Defendant does not know of any prior inconsistent statements either, so therefore this portion of the Government's motion is, in all likelihood, a moot issue. The one possible exception, of course, is that Daquon Anderson may be the confidential informant and may testify inconsistently with his prior statement to the police. Should this occur, then the Government is obligated to disclose such inconsistency. "Parties and counsel have an obligation not to deceive the court about the witness and to correct statements they know to be false. …" Metlyn Realty Corp. v. Esmark, Inc. 763 F.2d 826, *833 (C.A.7 (Ill.),1985). Presumably, in such a circumstance the Government would be obligated to disclose Daquon Anderson's prior inconsistent statement and the Defendant would be permitted to cross-examine and impeach him with it.

**IDENTITY AS THE CONFIDENTIAL INFORMANT**

8.    As the Government has correctly surmised, the defense will produce testimony that Mr. Gatlin was robbed at gunpoint by Daquon Anderson and that as a result of a scuffle

3

during that robbery, Mr. Gatlin ended up with the gun used by Daquon Anderson to commit the robbery. In the view of the defense, Daquon Anderson is a participant in the crime committed on the day of Defendant's arrest, *i.e.,* the robbery of Defendant. He not only has knowledge of how Luke Gatlin obtained the gun, but also has knowledge of the events which occurred after Luke Gatlin obtained the firearm. The defense therefore is entitled to call Mr. Anderson and to question him regarding that incident and Daquon Anderson is obligated to tell the truth about what occurred. At the very least, defendant intends to elicit Mr. Anderson's version of events and to argue to the jury that Mr. Gatlin's recounting of events is more credible.

9. Citing cases such as *Roviaro v. United States,* 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957) the Government argues that Defendant should not be permitted to introduce evidence that Daquon Anderson is the confidential informant. However, *Rovario* and its ilk do not forbid the defense from presenting evidence of the identity of a Government informant. Instead, these cases grant the Government a limited privilege to withhold the identity of a confidential informant. Here, Defendant is not asking the Government to disclose anything. Defendant, through the testimony of its witnesses will show that Daquon Anderson is the informant. Indeed, the defense has little choice but to do so.

10. The problem which arises is that Defendant will testify that only two persons, beside himself, knew that he had a gun. Those two persons are Daquon Anderson and his accomplice. If the jury is to credit Defendant's version of events they must not be left with the lingering doubt that will be engendered if Luke Gatlin is not allowed to testify that Daquon Anderson or his accomplice had to be the informant. Surely, if he is not allowed to make such a statement, the jury will wonder why he didn't testify that only those two persons could be the source of the information which led to his arrest. Even more surely, if the defense questions

Daquon Anderson and is not permitted to ask him if he was the informant, the jury members will then question the veracity of Luke Gatlin's testimony. Finally, the Defendant did not implicate Daquon Anderson as the person who robbed him in his first statement to the police. Only after he realized that Daquon Anderson or his accomplice had to be the confidential informant did he come forward with the name of Daquon Anderson as the person who robbed him. Therefore, it is essential that Defendant be permitted to explain to the jury, why he did not identify Daquon Anderson as the robber until after he made his first statement to the police. If, Defendant is to be precluded from this line of testimony and inquiry, the jury should at the least be given a curative instruction to prevent them from drawing any adverse conclusions based on the failure to pursue this line of questioning at trial.

### ANDERSON'S PRIOR RECORD

11. Under Rule 607 of the Federal Rules of Evidence, Defendant is allowed to impeach Daquon Anderson's testimony, even if he is called by the defense as its witness. Relying on *United States v. Sebetich,* 776 F2d 412 (3rd Cir. 1985) the Government contends that Defendant is foreclosed from calling Mr. Anderson as a witness when it expects no useful information from him and intends only to use the fact of his testifying as an excuse for introducing hearsay evidence. According to the Government, that would be an abuse of Rule 607. If that were the case, the Government would be correct. Factually however, that is not the circumstance under which the defense intends to call Daquon Anderson.

12. The defendant recognizes that Mr. Anderson's criminal record may be used to impeach him if he makes a statement inconsistent with that record. *U.S. v. Kane,* 944 F2d 1406, *1411(C.A. 7, 1991). In *Kane,* the prosecution called the wife of the Defendant because she had firsthand knowledge of the events which constituted the crime. When the witness testified

inconsistently, the prosecutor was then permitted to impeach her testimony with the testimony of a law enforcement agent. In permitting this testimony the Court in *Kane* stated that "…when a government witness provides evidence both helpful and harmful to the prosecution, the Government should not be forced to choose between the Scylla of foregoing impeachment and the Chrybdis of not calling the witness at all. *id.* at 1411.

13.   In the instant case, the defense recognizes that Daquon Anderson's testimony may be both helpful and harmful or that it may be one or the other. At the very least, defendant intends to elicit Mr. Anderson's version of events and to argue to the jury that Mr. Gatlin's recounting of events is more credible. In any event, the Defendant is not opposed to an order prohibiting impeachment, unless and until circumstances change and the door to impeachment is opened.

WHEREFORE, defendant, Luke Gatlin, respectfully requests that this Court issue only a limited order prohibiting testimony only of Daquon Anderson's criminal record and prior inconsistent statements subject to reconsideration should events occur at trial which make it appropriate for the Court to revisit the subject.

**BIGGS AND BATTAGLIA**

By:  /s/ Robert D. Goldberg
Robert D. Goldberg (ID # 631)
Biggs and Battaglia
921 North Orange Street
P.O. Box 1489
Wilmington, DE  19899
(302) 655-9677
Attorney for Defendant

DATED:  9/11/2006

## CERTIFICATE OF SERVICE

I, Robert D. Goldberg, undersigned counsel of record, hereby certify that on September 11, 2006, I caused a copy of the attached DEFENDANT'S RESPONSE TO THE GOVERNMENT'S MOTION IN LIMINE REGARDING EVIDENCIARY ISSUES AT TRIAL to be served on the following in the manner indicated:

**VIA FACSIMILE AND ELECTRONIC FILING**

Richard G. Andrews, Esquire
Ilana H. Eisenstein, Esquire
U.S. Attorney's Office
1007 Orange Street, Suite 700
Wilmington, DE 19801

        /s/ Robert D. Goldberg
       Robert D. Goldberg (I.D. #631)

P:\Users\Meme\RDG\EFilings\Gatlin\GATLIN 091106 RESPONSE TO MTN IN LIMINE.doc