IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Cr. A. No. 06-28 |
| | ) | |
| v. | ) | |
| | ) | |
| LUKE GATLIN, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO SET ASIDE VERDICT**

Defendant, Luke Gatlin, by and through his undersigned counsel, Robert D. Goldberg, and pursuant to FRCP 29(c)(1) hereby moves for a judgment of acquittal, notwithstanding the Jury's verdict, in the above matter and in support thereof states as follows:

1. On September 12, 2006, Defendant was found guilty after a two day trial of Count I of the indictment which alleged an offense under 18 *U.S.C.* §922(g).

2. One of the three predicate elements of an offense under §922(g) is that the firearm must have previously traveled in interstate commerce. In the instant case, notwithstanding the jury verdict the Government failed to present sufficient evidence to the jury for it to find this element proven beyond a reasonable doubt.

3. In support of the interstate commerce plank of the offense under §922(g), the prosecution presented Agent Scott C. Curley of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). Agent Curley testified that he was generally familiar with firearms by virtue of his long service in law enforcement and through training that he had received as an Agent of the ATF. However, he was never proffered to the Court or the Jury as an expert witness and no effort was made to have him declared an expert witness.

4.      Further, Agent Curley proffered no certified documents or any other verified evidence indicating that the gun at issue had been used in interstate commerce, either prior to or after 1984, the year in which §922(g) was enacted in its original form. (See *U.S. v. Mathis* 963 F.2d 399, *405, 295 U.S.App.D.C. 296, **302 (C.A.D.C.,1992) which states that the initial enactment of §922(g) occurred in 1984.)

5.      In addition to the foregoing, there was hearsay testimony from the Prosecution witnesses to the effect that the gun had been purchased at one time in another state.  However, there were no certified documents from police records regarding this sale and the testimony regarding this purchase was merely hearsay.

6.      Rule 702 of the *Federal Rules of Evidence* provides as follows:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

7.      In the case at bar, the Government's witness was not offered as an expert under Rule 702.  Typically, in cases involving proof of a nexus to interstate commerce, the Courts use and rely upon experts.  See *e.g. U.S. v. Allen* 2006 WL 2011762, *1 (C.A.11 (Ga. (C.A.11 (Ga.),2006); *U.S. v. Bradley* 145 F.3d 889, *893 (C.A.7 (Ill.),1998); *U.S. v. Vincent* 20 F.3d 229, *236 (C.A.6 (Mich.),1994); *U.S. v. Gourley* 835 F.2d 249, *251 -252 (C.A.10 (Okl.),1987). Defendant has found no cases discussing this element of an offense under §922(g) where the Court has not relied upon an expert – excluding cases where there is direct testimony about movement of the firearm – to prove the interstate commerce element of the offense.  See also, *Jackson v. U.S.* 71 F.Supp.2d 491, (D.Md.,1999) where the government called an ATF agent

who had never before testified as an expert in this specific area.  While the Court did find the agent to be an expert, it nonetheless relied also on the testimony of the defendant's ex-wife who testified that the gun in question had traveled from state-to-state. *Id.* At *497.  Here, even this minimal showing has not been made.

8.   Based on the foregoing, the quantum of proof necessary to prove, beyond a reasonable doubt, that the firearm in this case had moved in interstate commerce was clearly insufficient.  No expert was qualified, there were no certified or verified documents showing the history of the firearm and the sole testimony regarding its history was hearsay from a law enforcement agent, rather than an impartial expert.  For the foregoing reasons, Defendant's conviction should be reversed and a judgment of acquittal entered on his behalf.

WHEREFORE, for the reasons stated herein, the Defendant requests that his Motion be granted and a judgment of acquittal be entered.

**BIGGS AND BATTAGLIA**

By:  /s/ Robert D. Goldberg
Robert D. Goldberg (ID # 631)
Biggs and Battaglia
921 North Orange Street
P.O. Box 1489
Wilmington, DE  19899
(302) 655-9677

DATED:  9/20/2006                       Attorney for Defendant

3

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Cr. A. No. 06-28 |
| | ) | |
| v. | ) | |
| | ) | |
| LUKE GATLIN, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>ORDER</u>**

The Court, having considered Defendant's Motion To Set Aside Verdict, hereby orders on this _____ day of _____, 2006 that Defendant's motion is GRANTED.

                                                                                                                   J.

5

## CERTIFICATE OF SERVICE

I, Robert D. Goldberg, undersigned counsel of record, hereby certify that on September 20, 2006, I caused a copy of the attached DEFENDANT'S MOTION TO SET ASIDE VERDICT to be served on the following in the manner indicated:

**VIA ELECTRONIC FILING**

Richard G. Andrews, Esquire
Ilana Eisenstein, Esquire
U.S. Attorney's Office
1007 Orange Street, Suite 700
Wilmington, DE 19801

                                         /s/ Robert D. Goldberg
                                         Robert D. Goldberg (I.D. #631)

P:\Users\Meme\RDG\PLEADING\Gatlin 060206 motion.doc