UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal Action No. 06-28-KAJ |
| | ) |
| LUKE GATLIN, | ) |
| | ) |
| Defendant. | ) |

**GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO SET ASIDE VERDICT**

On September 13, 2006, following a two-day jury trial, the defendant, Luke Gatlin, was found guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The offense of being a felon in possession of a firearm has three elements: (1) prior to possession of the firearm, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year; (2) the defendant knowingly possessed the firearm charged in the Indictment; and (3) the firearm passed in interstate commerce.

The defendant has moved for a judgment of acquittal, notwithstanding the jury's verdict, pursuant to Federal Rule of Criminal Procedure 29(c)(1). The defendant claims that the evidence was not sufficient for a jury to find the third element of the offense — that the firearm previously traveled in interstate commerce – beyond a reasonable doubt. The defendant's primary contentions are that the Special Agent Scott Curley of the Bureau of Alcohol, Tobacco, Firearms, and Explosives was not offered as an expert witness, and that testimony that the gun had been purchased in another state was hearsay.

1

In ruling on a motion for a judgment of acquittal, this Court "must view the evidence in the light most favorable to the verdict, and must presume that the jury has properly carried out its functions of evaluating credibility of witnesses, finding the facts, and drawing justifiable inferences. A verdict will be overruled only if no reasonable juror could accept the evidence as sufficient to support the conclusion of the defendant's guilt beyond a reasonable doubt." *United States v. Lacy*, 446 F.3d 448, 451 (3d Cir. 2006). In this case, the evidence was more than sufficient to support the jury's verdict, including the interstate commerce element of the charged offense.

There was ample evidence from which the jury could determine, beyond a reasonable doubt, that the firearm traveled in interstate commerce prior to being possessed by the defendant. First, the firearm itself was admitted into evidence. The firearm is engraved with the manufacturer's name and "Miami, Florida" — the location where the firearm was manufactured. *See, e.g., United States v. Clay*, 355 F.3d 1281, 1287 (11th Cir. 2004) ("[A] jury could, by reviewing the inscription 'Colt Manufacturing Company, Hartford, Ct.,' coupled with the evidence that the firearm was seized in Georgia, have 'rationally inferred' beyond a reasonable doubt that the firearm traveled in or at least affected interstate commerce."); *United States v. Coleman*, 22 F.3d 126, 130-31 (7th Cir. 1994) (finding reasonable jury could conclude that interstate nexus was satisfied where firearm was marked with name of the company and a town in Massachusetts, notwithstanding defense counsel's argument that the markings may only represent the company's principal place of business).

Second, the jury heard the testimony of Special Agent Curley, who testified, based on his research and experience, that the firearm was indeed manufactured in Miami, Florida. In addition, Special Agent Curley testified that no firearms have been manufactured in the state of Delaware in recent times. Finally, the jury heard the results of the ATF firearm tracing analysis which revealed that the firearm was originally purchased by an individual in Virginia.

Viewing this evidence in the light most favorable to the Government, a reasonable juror could readily conclude that the firearm was manufactured outside of Delaware, and thus, necessarily traveled in interstate commerce prior to the defendant's possession of it. Contrary to the defendant's contentions, there is no requirement that the government submit certified documents to prove the interstate commerce nexus. *Cf. United States v. Shambry*, 392 F.3d 631, 634 (3d Cir. 2004) (finding that "proof that the firearm was manufactured in a state other than the state where the possession occurred is sufficient to establish that the possession was 'in or affecting commerce' under 18 U.S.C. § 922(g)(1)").

To the extent that the defendant's motion for a judgment of acquittal rests on an objection to Special Agent Scott Curley's expert qualifications or to the admission of hearsay statements, those objections are waived because the defendant failed to make such objections in a timely manner. Federal Rule of Evidence 103(a)(1) requires "a timely objection or motion to strike . . . stating the specific ground of objection, if the specific ground was not apparent from the context." It is well settled that a party must make a specific and timely objection to expert qualifications or to hearsay evidence to preserve that objection for further review. *See United States. v. Sandini,* 803 F.2d 123, 126 (3d Cir. 1986) (rejecting Fed. R. Crim. P. 403 and 404(b) objections because "those grounds for objection were not properly preserved for appellate review"). Any review would therefore be limited to plain errors which affect substantial rights of the defendant. Fed. R. Evid. 103(d).

There was no error, much less plain error, in the admission of the testimony of Special Agent Curley's testimony regarding the firearm's interstate nexus. At trial, Special Agent Curley testified to his extensive experience and training in federal firearms investigations, and specifically to his expertise regarding the manufacture of firearms. Moreover, Special Agent Curley testified at length to the bases for his conclusion that the firearm traveled in interstate commerce, including his knowledge that no firearms have been manufactured in the state of Delaware in recent times, and his

3

review of firearms reference materials. This testimony established a sufficient foundation for his testimony that the firearm possessed by the defendant previously traveled in interstate commerce. *See* Fed. R. Evid. 702; *see also United States v. Ramsey*, 165 F.3d 980, 984 (D.C. Cir. 1999) (finding district court did not commit plain error by admitting testimony by an agent of the Drug Enforcement Administration regarding the drug trade even though the district court did not "formally qualif[y] [the witness] as an expert witness" because the "testimony functionally satisfied the requirements for expert testimony set forth in Federal Rule of Evidence 702.").

Wherefore, for the foregoing reasons, the United States of America respectfully requests that the Court deny the defendant's Motion to Set Aside the Verdict.

                                        Respectfully submitted,

                                        COLM F. CONNOLLY
                                        United States Attorney

                                        By:  /s/Ilana H. Eisenstein
                                             Richard G. Andrews
                                             Ilana H. Eisenstein
                                             Assistant United States Attorneys

Dated: September 26, 2006

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal Action No. 06-28-KAJ |
| | ) |
| LUKE GATLIN, | ) |
| | ) |
| Defendant. | ) |

<u>**ORDER**</u>

Now therefore, this ___ day of _____ 2006, the Court hereby orders that the Defendant's Motion to Set Aside the Verdict is DENIED.

_____
Honorable Kent A. Jordan
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 06-28-KAJ |
| LUKE GATLIN, | : |
| Defendant. | : |

### CERTIFICATE OF SERVICE

I, Jennifer Brown, an employee in the Office of the United States Attorney, hereby certify under penalty of perjury that on September 26, 2006, I electronically filed:

### GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION
### TO DEFENDANT'S MOTION TO SET ASIDE VERDICT

with the Clerk of Court using CM/ECF. Said document is available for viewing and downloading from CM/ECF, which will send notification of such filing(s) to the following:

Robert D. Goldberg, Esquire
Biggs and Battaglia
921 N. Orange Street
Wilmington, DE 19899

/s/ Jennifer Brown
Jennifer Brown