IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 06-28-KAJ |
| | ) | |
| LUKE GATLIN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

I.   Introduction

In this criminal case, the defendant, Luke Gatlin, was convicted after a two-day jury trial of unlawful possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).[1]  (Docket Item ["D.I."] 41.)  The defendant has filed, pursuant to Federal Rule

---

[1]Section 922(g)(1) states, in pertinent part: "It shall be unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year ... to ... possess in or affecting commerce, any firearm or ammunition ... ."

Section 924(e)(1) states:

In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

of Criminal Procedure 29(c)(1),[2] a motion to set aside that verdict. (D.I. 45; the "Motion".) For the reasons that follow, the Motion is denied.

II.   Background

The relevant background to the Motion is the evidence related to transport in interstate commerce of the firearm possessed by the defendant. That information is related in connection with the discussion, *infra*.

III.   Standard of Review

On a motion for judgment of acquittal, I am bound to "view the evidence in the light most favorable to the verdict, and must presume that the jury has properly carried out its functions of evaluating credibility of witnesses, finding the facts, and drawing justifiable inferences. A verdict will be overruled only if no reasonable juror could accept the evidence as sufficient to support the conclusion of the defendant's guilt beyond a reasonable doubt." *United States v. Lacy*, 446 F.3d 448, 451 (3d Cir. 2006).

IV.   Discussion

The elements of the crime of unlawful possession of a firearm by a felon are, as the statute makes plain, "(1) that [the defendant] had previously been convicted of a crime punishable by imprisonment for a term exceeding one year; (2) that [the defendant] knowingly possessed a firearm; and (3) that the firearm had passed in interstate commerce." *United States v. Dodd*, 225 F.3d 340, 344 (3d Cir. 2000). Here,

---

[2]Federal Rule of Criminal Procedure 29(a) states that "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Rule 29(c)(1) permits the defendant to file a motion for judgment of acquittal within seven days of the verdict. The verdict in this case was returned on September 13, 2006 (D.I. 41), and the Motion was filed on September 20, 2006 (D.I. 45).

the defendant does not contest the sufficiency of the evidence with respect to the first and second elements, but he does contest that the evidence was sufficient with respect to whether the gun at issue had passed in interstate commerce. The gist of the argument is that only the testimony of an ATF agent, Scott Curley, who was not formally recognized as an expert, was the basis for the government's evidence on this point. (D.I. 45 at ¶ 3.)

The government rightly contends (D.I. 46 at 3) that the defendant waived any such objection because, at the trial, he did not object to the expertise of Agent Curley or to the propriety of the agent's providing opinion testimony in the case. See Fed. R. Evid. 103(a)(1) ("Error may not be predicated upon a ruling which admits or excludes evidence unless ... [i]n case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context ... ."). Even were that not the case, however, there are no magic words that must be uttered before an expert's testimony can be tendered. The defendant knew that the ATF agent was being proffered as an expert. The defendant had made clear that he would not stipulate that the gun had passed in interstate commerce, and the government had made clear it would bring evidence to prove that element. (Transcript of Aug. 29, 2006, pretrial conf. at 3-4.) As the defendant acknowledges, the interstate commerce nexus is regularly proven through expert testimony (D.I. 45 at ¶ 7 and cited cases), and the defendant must have expected that in this instance. The identity of the witnesses, including Agent Curley, was disclosed in advance, so the defendant was on notice that an ATF agent with no connection to the history of the case was going to appear and, again, the defendant

therefore had to have known the purpose was to provide opinion testimony. The testimony itself went through Agent Curley's qualifications and background, before turning to a discussion of the gun. (*See* transcript of trial, July 12, 2006, at 157-60.) That testimony was sufficient to establish the agent's expertise, and, in combination with the rest of the agent's testimony, satisfied every requisite for the admission of opinion testimony under Federal Rule of Evidence 702.

The testimony provided by Agent Curley was compelling. First, he noted that the gun itself, which was independently in evidence, is engraved with the manufacturer's location: Miami, Florida. (*Id.* at 161.) A rational jury could thus conclude that the gun was manufactured in Miami and crossed state lines as it was transported to Delaware. Second, the agent testified that, using common reference materials, he was able to "conclude that this was a firearm that was manufactured in the city of Miami, Florida between the years of 1972 and 1975" (*id.* at 162), with the inescapable conclusion about interstate transport being the same. Third, Agent Curley testified that no guns have been manufactured in Delaware for approximately a century (*see id.* at 163), which, once again, compels the same conclusion. There was no cross-examination. As there is more than sufficient evidence in the record to sustain the jury's determination that the gun was transported in interstate commerce, the motion is without merit.

Even if, by some stretch, the testimony of Agent Curley were excluded, there would still be sufficient evidence, since the engraving on the gun itself suffices as a basis for the jury's conclusion. A gun marked with the "Miami, Florida" engraving can logically be inferred to have been made there rather than in Delaware, and hence to

have traveled into Delaware from outside the state. See *United States v. Clay*, 355 F.3d 1281, 1287 (11th Cir. 2004) (In prosecution in Georgia, interstate commerce element was satisfied because "government offered a firearm into evidence that had a marking indicating a name of a manufacturing company, as well as a location of that company. ... Although no witness testified as to the significance of the markings, no argument was made to the jury that the inscription on the weapon meant anything but that it was, at one point or another, located in Hartford, Ct."); *United States v. Patterson*, 820 F.2d 1524, 1526 (9th Cir. 1987) ("Here, the handgun bore an imprint that it had been manufactured in Miami, Florida. It was found in the house where Patterson was living in Los Angeles, California. It could not have made the journey from Miami to Los Angeles without traveling in interstate commerce. There was substantial evidence to establish this element of the crime."). In addition, another ATF agent testified, without objection, that a check of ATF records revealed an earlier sale of the defendant's gun in Virginia (transcript of trial, July 12, 2006, at 126-27), further demonstrating that the gun passed through a state outside of Delaware before coming into Delaware.

V.  Conclusion

Accordingly, it is hereby ORDERED that the "Defendant's Motion to Set Aside Verdict" (D.I. 45) is DENIED.

_____
UNITED STATES DISTRICT JUDGE

November 6, 2006
Wilmington, Delaware

5