IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LUKE GATLIN, | ) |
| | ) |
| Movant/Defendant, | ) |
| | ) |
| v. | ) Civ. A. No. 11-1122-GMS |
| | ) Cr. A. No. 06-28-GMS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent/Plaintiff. | ) |

**MEMORANDUM OPINION**[1]

---

Luke Gatlin. *Pro se* movant.

Elizabeth L. Van Pelt. Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware. Attorney for respondent.

---

Oct 9, 2014
Wilmington, Delaware

---

[1] This case was originally assigned to the Honorable Kent A. Jordan, and was reassigned to the undersigned's docket on March 25, 2009.

SLEET, United States District Judge

## I. INTRODUCTION

Movant Luke Gatlin ("Gatlin") filed a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (D.I. 83) The government filed an answer in opposition. (D.I. 91) For the reasons discussed, the court will deny Gatlin's § 2255 motion without holding an evidentiary hearing.

## II. BACKGROUND[2]

On February 9, 2006, at around 7:00 p.m., Wilmington police detective Joseph Leary received a phone call from a known and reliable confidential informant who reported that a man walking near 30th and Market Streets, Wilmington Delaware had a gun in his front right coat pocket. The informant provided a detailed description of the individual (light skinned, black male, approximately 5'8", wearing a Chicago Cubs hat, black hooded jacket, and jeans), which matched Gatlin's appearance and attire. When the police arrived, they found a crowd of approximately fifteen and thirty people at the intersection of 30th and Market Streets, among whom was a man with a Cubs hat matching the description provided by the informant. The officers got out of their patrol car, and Detective Joshua Burch drew his gun and ordered the man down on the ground. Officer Brian Kananen handcuffed the man behind his back, patted the man down for weapons, and found a handgun in his right front coat pocket. At that point, Officer Kananen recognized the man as Gatlin, based on previous interactions with him in the Delaware probation system. Gatlin was arrested and brought into custody.

---

[2]The facts are taken from the summary of facts in the Third Circuit opinion denying Gatlin's direct appeal. *See United States v. Gatlin*, 613 F.3d 374, 376 (3d Cir. June 15, 2010 *amended* October 22, 2010).

On March 28, 2006, the federal grand jury in the District of Delaware returned a one-count indictment charging Gatlin with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) & 924(e)(1). (D.I. 4)

On June 16, 2006, defense counsel filed a motion to suppress evidence and statements. (D.I. 14) The motion articulated the facts surrounding Gatlin's arrest and the discovery of a firearm on his person and argued that the officers who stopped Gatlin lacked reasonable suspicion that Gatlin was illegally carrying a concealed firearm. The motion contended that the police relied solely on a tip that Gatlin had a gun, but that the police had no information that either a crime was in progress or that Gatlin was prohibited from possession of the firearm. *Id.* Defense counsel also filed a motion to compel the disclosure of the government's confidential informant. (D.I. 13) The Honorable Kent A. Jordan denied both motions on July 13, 2006 after conducting an evidentiary hearing. (D.I. 20)

On September 13, 2006, a federal jury returned a guilty verdict for the sole count in the indictment. Defense counsel filed a motion to set aside the verdict pursuant to Federal Rule of Criminal Procedure 29(c)(1), which Judge Jordan denied on November 6, 2006. (D.I. 45; D.I. 50) On June 3, 2009, the court sentenced Gatlin to the mandatory minimum 180 months of imprisonment and 60 months of supervised release. (D.I.70)

Gatlin filed a direct appeal, contending that the court erred by: (1) denying his suppression motion; (2) failing to compel disclosure of the identity of the confidential informant; and (3) denying his motion for judgment of acquittal. *See Gatlin*, 613 F.3d at 376. The Third Circuit denied the arguments and affirmed Gatlin's conviction and sentence. *Id.* at 380. On

September 13, 2010, Gatlin filed a petition for a writ of certiorari with the United States Supreme Court, which was denied. *See Gatlin v. United States*, 131 S.Ct. 534 (Nov. 1, 2010).

## III. DISCUSSION

The sole claim in Gatlin's timely filed § 2255 motion asserts that defense counsel provided ineffective assistance by "never argu[ing] a meritorious issue in support of [Gatlin's] Fourth Amendment violation. Had counsel argued this fact [Gatlin's] suppression motion would have been granted on appeal." (D.I. 83 at 4)

Gatlin has properly raised his ineffective assistance of counsel allegation in a § 2255 motion. *See Massaro v. United States*, 538 U.S. 500 (2003). As a general rule, ineffective assistance of counsel claims are reviewed pursuant to the two-pronged standard established in *Strickland v. Washington*, 466 U.S. 668 (1984). Under the first ("performance") prong of the *Strickland* standard, Gatlin must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. *Strickland*, 466 U.S. at 688. Under the second ("prejudice") prong of the *Strickland* standard, Gatlin must demonstrate a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. *Id.* at 694; *United States v. Nahodil*, 36 F.3d 323, 326 (3d Cir. 1994). Finally, although not insurmountable, the *Strickland* standard is highly demanding and leads to a strong presumption that counsel's representation was professionally reasonable. *Strickland*, 466 U.S. at 689.

After reviewing the record, the court concludes that Gatlin's sole ground for relief is unavailing. Notably, in the motion to suppress, defense counsel challenged both the reasonable

suspicion for stopping Gatlin and the authority of the police to search Gatlin for weapons, based on the fact that the officers were not informed that any crime was in progress or contemplated. (D.I. 14 at 2) During the evidentiary hearing, defense counsel developed the record and argued that the firearm found on Gatlin's person should be suppressed. Defense counsel further pursued the suppression claims on appeal, arguing that the tip on which the police relied in arresting Gatlin failed to "indicate that he was engaged in criminal activity" because the tip did not specify if Gatlin was licensed to carry a concealed weapon. *See Gatlin*, 613 F.3d at 377. Defense counsel also contended that there was no basis to conduct a pat-down search of Gatlin's person because, although the tip indicated that Gatlin was armed, police had no reason to believe he was dangerous. *Id.* The Third Circuit rejected both of these arguments and held that the "District Court did not err in denying [Gatlin's] motion to suppress."[3] *Id.* at 379.

Contrary to Gatlin's belief, the fact that Judge Jordan and the Third Circuit rejected defense counsel's suppression arguments does not mean that counsel provided ineffective assistance or that there were other arguments that would have been successful. Significantly, in this proceeding, Gatlin does not identify **any** specific facts or arguments he believes counsel should have raised, let alone any other Fourth Amendment arguments he believes counsel should have raised that also may have been "meritorious." Given Gatlin's failure to provide anything but a single vague assertion regarding the unsuccessful suppression motion, the court cannot

---

[3]More specifically, after noting that "it is undisputed that the tip here was reliable," the Third Circuit opined that the "investigatory stop of Gatlin was justified" and that "the officers had a reasonable suspicion based solely on the tip that someone matching Gatlin's description was carrying a handgun in his coat pocket," "because carrying a concealed handgun is presumptively a crime in Delaware." *Gatlin*, 613 F.3d at 378-79. In turn, given its determination that "stopping Gatlin was a proper police act under *Terry* [*v. Ohio*, 392 U.S. 1 (1968)]," the Third Circuit then held that the officers were permitted "to conduct a limited search for weapons" because they believed that Gatlin had a gun." *Gatlin*, 613 F.3d at 379.

conclude that defense counsel performed deficiently or that counsel's performance prejudiced him under *Strickland*.[4]

Accordingly, the court will deny Gatlin's ineffective assistance of counsel claim as meritless.

## IV. PENDING MOTION

During the pendency of this proceeding, Gatlin filed a letter motion requesting the appointment of counsel. (D.I. 92) In his letter motion, Gatlin asserts that he needs legal representation to "handle" a "*Descamps v. United States* violation." *Id.* The court liberally construes this letter motion both as a request for counsel and as asserting an additional ground for relief under *Descamps v. United States,* 133 S.Ct. 2276 (2013). In *Descamps*, the Supreme Court addressed the appropriate method district courts must employ to determine whether to sentence a defendant as an armed career criminal under 18 U.S.C. § 924(e). *See Descamps*, 133 S.Ct. at 2281.

Given Gatlin's vague reference to *Descamps*, the court is unable to discern what, if any, argument he believes can be made. Regardless, the court will summarily deny Gatlin's unidentified *Descamps* claim, because *Descamps* has not been made retroactively applicable to cases on collateral review.[5] *See United States v. Wolf,* 2014 WL 3339601, at *2 (M.D.Pa. July 8,

---

[4]Additionally, as the government explains, the record does not reveal any other basis for suppressing the evidence. Gatlin was stopped after police received an indisputably reliable tip that he was in possession of a firearm. The informant provided police with a detailed description of Gatlin, his location, and the place where the gun was kept (in his jacket pocket). As the Third Circuit held, this information provided the police with reasonable suspicion for an investigatory stop because "carrying a concealed handgun is presumptively a crime in Delaware." *See Gatlin*, 613 F.3d at 378.

[5]Gatlin was sentenced in June 2009, and *Descamps* was decided in 2013.

5

2014)(collecting cases). In turn, to the extent Gatlin requests the appointment of counsel, that request will be denied as moot.

## V. EVIDENTIARY HEARING

A district court is not required to hold an evidentiary hearing on a motion filed pursuant to 28 U.S.C. § 2255 if the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255; *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005); Rule 8(a), 28 U.S.C. foll. § 2255. As previously discussed, the record conclusively demonstrates that Gatlin is not entitled to relief under § 2255. Therefore, the court concludes that an evidentiary hearing is not warranted.

## VI. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2255 motion must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate only if the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The movant must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The court is denying Gatlin's § 2255 motion after determining that his ineffective assistance of counsel claim lacks merit. The court is persuaded that reasonable jurists would not find this assessment debatable. Therefore, the court will not issue a certificate of appealability.

## VII. CONCLUSION

The court concludes that Gatlin is not entitled to relief pursuant to 28 U.S.C.

§ 2255. An appropriate order will issue.